1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS P.,

                                    Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

CASE NO. C21-5424-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1957.[1] Plaintiff has at least a high school education and previously worked as warehouse worker, maintenance worker, and stock clerk. AR 2838. Plaintiff filed an application for Disability Insurance Benefits (DIB) on August 27, 2012, alleging disability beginning February 23, 2011. AR 2820. The application was denied at the initial level and on

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

reconsideration. On January 7, 2021,[2] the ALJ held a telephone hearing, at which Plaintiff's counsel took testimony from a vocational expert (VE). AR 2934–46. At the hearing, the ALJ did not have questions for Plaintiff or the VE and, instead, was satisfied with Plaintiff and the VE's testimony from the prior hearings in this matter. AR 2942–43, 2945. On January 20, 2021, the ALJ issued a decision finding Plaintiff not disabled prior to the established onset date of November 23, 2012, but that Plaintiff became disabled on that date and has continued to be disabled through the date of the decision. AR 2817–53. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 5, 2021 (AR 2809–16), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.[3]

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[2] The agency has also held hearings in this matter on November 4, 2014 (AR 47–145) and September 25, 2018 (AR 2854–2933). The ALJ took testimony from Plaintiff and the VE at both hearings. The ALJ also took testimony from a medical expert at the 2018 hearing. AR 2881–92.

[3] The ALJ previously issued a decision in this matter on December 23, 2015 denying benefits through the date last insured (AR 24–39), which decision was remanded by the District Court on February 5, 2018 (AR 2986–98), and also issued a decision on November 26, 2018 denying benefits prior to November 23, 2012 (AR 3009–25), which decision was remanded by the Appeals Council on December 13, 2019 (AR 3035–40).

ORDER
PAGE - 2

1   (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

2   decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

3   Cir. 2002).

4                                              **DISCUSSION**

5          The Commissioner follows a five-step sequential evaluation process for determining

6   whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

7          At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ

8   found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

9   AR 2823.

10         At step two, the ALJ must determine whether a claimant suffers from a severe impairment.

11  The ALJ found Plaintiff has the following severe impairments: status post left wrist injury with

12  surgery; adjustment disorder; major depressive disorder; and panic disorder with agoraphobia.

13  AR 2823. The ALJ also found that the record contained evidence of the following conditions that

14  did not rise to the level of severe impairment: hypertension; diabetes; asthma/COPD; left elbow

15  strain; low back pain; right lateral epicondylitis; pain the right hand, write, knee, hip, and ankle;

16  pain the left knee; obesity; personality disorder; and a learning disorder. AR 2823.

17         At step three, the ALJ must determine whether a claimant's impairments meet or equal a

18  listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of

19  a listed impairment. AR 2825–27.

20         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

21  residual functional capacity (RFC) and determine at step four whether the claimant has

22  demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform

23  light work, as defined in 20 C.F.R. § 404.1567, with the following limitations:

ORDER
PAGE - 3

> [H]e can only occasionally climb ramps and stairs. He cannot climb ladders, ropes, or scaffolds. He cannot crawl. He can occasionally perform handling and fingering with his non-dominant left upper extremities. He can tolerate occasional exposure to vibration and extreme cold temperatures. He can understand, remember, and apply short, simple instructions. He can perform routine, predictable job tasks. He can make simple decisions. He cannot work in a fast-paced, production-type environment. He can tolerate occasional exposure to workplace changes. He can have occasional interaction with the general public and coworkers.

AR 2827. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work since the alleged onset date. AR 2837–38.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff was capable of performing other jobs prior to the established onset date, such as work as a bakery worker, zipper ironer, and tanning salon attendant. AR 2838–40.

Plaintiff raises the following issues on appeal: (1) whether the ALJ erred by failing to find the mental health issues afflicting Plaintiff do not allow for gainful employment and whether the ALJ erred by failing to find that Plaintiff's hand condition never stabilized between the original injury date and the established onset date; and (2) whether the ALJ erred in identifying the jobs at step five. Plaintiff requests remand for an award of benefits. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Medical Evidence

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. § 404.1527(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically

1   acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

2   substantial evidence in [claimant's] case record."[4] *Id.* § 404.1527(c)(2). More weight should be

3   given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be

4   given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81

5   F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining

6   doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923

7   F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or examining doctor's opinion

8   may not be rejected without "'specific and legitimate reasons' supported by substantial evidence

9   in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting *Murray v. Heckler*, 722 F.2d 499,

10  502 (9th Cir. 1983)).

11          With these regulations and considerations in mind, the Court proceeds to its analysis of the

12  medical evidence in this case.

13      A.  <u>Dr. Ira Hymoff, Ph.D.</u>

14          Dr. Hymoff testified as a medical expert at the 2018 hearing. AR 2881–92. Dr. Hymoff

15  testified that Plaintiff is able to understand, remember, and carry out short, simple instructions,

16  and that Plaintiff is moderately impaired in all functional domains. AR 2884, 2886. Dr. Hymoff

17  further assessed that Plaintiff would be restricted to simple, repetitive work, occasional contact

18  with coworkers and supervisors, no contact with the general public, and occasional exposure to

19  changes in the workplace. AR 2887–88. Finally, Dr. Hymoff testified that Plaintiff would be

20  unable to sustain day to day employment or to work on a regular schedule. AR 2891.

21

22  ────────────────

23  [4] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claims were filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 5

1   In deciding the weight to give to any medical opinion, the ALJ considers factors such as

2   the examining relationship, the treatment relationship, supportability, consistency, specialization,

3   and other factors which tend to support or contradict the opinion, including the source's

4   understanding of the agency's disability program and evidentiary requirements, and the source's

5   familiarity with the case record. 20 C.F.R. § 404.1527(c). The ALJ gave little weight to

6   Dr. Hymoff's extreme degree of limitations pertaining to Plaintiff's ability to deal with the general

7   public, sustain day-to-day employment, and work a regular schedule. AR 2835. The ALJ found

8   that these limitations were inconsistent with and unsupported by Plaintiff's overall objective

9   medical evidence of record, inconsistent with Plaintiff's ability to engage in robust activities, and

10  inconsistent with Plaintiff's lack of mental health counseling and conservative overall mental

11  health treatment. AR 2835–36. The ALJ gave weight to Dr. Hymoff's limitations pertaining to

12  Plaintiff's ability to perform simple, repetitive work, interact with others, handle workplace

13  changes, and handle production requirements as consistent with the overall objective medical

14  evidence of record. AR 2836.

15      Plaintiff argues that the ALJ's determination to give Dr. Hymoff's assessed limitations

16  mostly limited weight is inconsistent with the ALJ's 2018 decision. Dkt. 22, at 9–10. Plaintiff cites

17  no legal authority holding that a new ALJ decision must be consistent with a prior decision where

18  that decision has been remanded for further administrative proceedings. Indeed, the Appeals

19  Council directed the ALJ to give further consideration to the opinion of Dr. Hymoff on remand

20  and to explain the weight given to that opinion. AR 3037–38. The Court may review the ALJ's

21  failure to comply with the Commissioner's own regulations for legal error applying a clearly

22  erroneous standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by*

23  *regulation on other grounds*; *Pac. Gas & Elec. Co. v. F.E.R.C.*, 464 F.3d 861, 868 (9th Cir. 2006)

ORDER
PAGE - 6

("[I]t is well established that an agency's interpretation of the intended effect of its own orders is controlling unless clearly erroneous." (internal quotation marks and citation omitted)). As directed by the Appeals Council, the ALJ gave further consideration and explained the weight given to Dr. Hymoff's opinion that Plaintiff could not sustain day-to-day employment or work a regular schedule. AR 3037; *see also* AR 2835. Accordingly, Plaintiff has not shown that the ALJ failed to comply with the Appeals Council's order.

Plaintiff further argues that the ALJ erred in evaluating Dr. Hymoff's assessed limitations by finding that Plaintiff did not receive mental health counseling until 2014. Dkt. 22, at 10. The Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999). Accordingly, Plaintiff's lack of seeking mental health counseling prior to October 2014 is not a valid reason to reject Dr. Hymoff's opinion. However, the ALJ gave several other reasons for rejecting Dr. Hymoff's more extreme limitations pertaining to Plaintiff's ability to interact with the public, sustain day-to-day employment, and work a regular schedule, including finding those limitations inconsistent with the objective medical evidence of record, inconsistent with Plaintiff's activities, and inconsistent with Plaintiff's overall conservative mental health treatment. AR 2835–36. Plaintiff does not challenge these other reasons on appeal, and substantial evidence supports the ALJ's findings. Therefore, because the ALJ gave other valid reasons for rejecting Dr. Hymoff's opined limitations pertaining to Plaintiff's ability to interact with the public, sustain day-to-day employment, and work a regular schedule, the ALJ's error in rejecting the doctor's opinion based on Plaintiff's lack of seeking mental health treatment is harmless. *See Molina*, 374 F.3d at 1115

ORDER
PAGE - 7

(an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'" (citation omitted)).

    B.  <u>Dr. Jennifer A. Irwin, M.D.</u>

Plaintiff summarizes the opinion of Dr. Irwin, who examined Plaintiff on December 12, 2012. Dkt. 22, at 10–11; AR 639–43. Plaintiff argues that Dr. Hymoff's hearing testimony is consistent with Dr. Irwin's assessment and that, based on the limitations expressed by Dr. Hymoff, the VE testified that that Plaintiff would be precluded from all work. Dkt. 22, at 11–12. As described above, the ALJ provided valid reasons for discounting the greater limitations testified by Dr. Hymoff. Additionally, Plaintiff's Opening Brief fails to identify any error in the ALJ's consideration of Dr. Irwin's assessment.[5] Plaintiff's summarization of Dr. Irwin's assessment, therefore, does not show error in the ALJ's evaluation and consideration of this evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . .").

    C.  <u>Plaintiff's Hand Condition</u>

Plaintiff summarizes the medical evidence pertaining to Plaintiff's hand condition,

---

[5] Plaintiff argues in his Reply Brief that the ALJ improperly conducted his own interpretation of the evidence considered by Dr. Irwin. Dkt. 24, at 5–7. Because Plaintiff raises this argument for the first time in his Reply Brief, Plaintiff has waived this argument. *Zango, Inc. v. Kaspersky Lab, Inc.,* 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

ORDER
PAGE - 8

including medical records from Dr. Frederic Johnstone, M.D., Dr. Alan Thomas, M.D., Dr. David Millett, M.D., and Dr. George Harper, M.D. Dkt. 22, at 12–14. The ALJ reviewed these medical records and found that they were made in connection with Plaintiff's Workers' Compensation claim and "are given weight only to the extent that they are consistent with evidence showing that the claimant's wrist injury resulted in strength and range of motion deficits in his left upper extremity that prevent him from returning to prior work, which . . . required lifting at the medium to heavy exertional levels." AR 2832. Otherwise, the ALJ gave these opinions little weight. AR 2832.

Plaintiff argues that Plaintiff's hand condition never stabilized between the original injury date of February 23, 2011, and the established onset date of November 23, 2012. Dkt. 22, at 12. Plaintiff further argues that "there is no substantial evidence to establish that [Plaintiff] had the physical capacity to perform work activity between February 23, 2011 and November 22, 2012." Dkt. 24, at 4. Plaintiff fails to show error in the ALJ's consideration of the medical evidence. Rather, Plaintiff offers an alternative interpretation of the medical evidence; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *see Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Accordingly, Plaintiff's recitation of the medical evidence pertaining to Plaintiff's hand condition does not show reversible error in the ALJ's consideration of the medical evidence or the ALJ's assessment of the RFC.

## 2. VE Testimony

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite [his] identified

limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Under the agency's regulations, "work exists in the national economy when there is a significant number of jobs" having requirements that the claimant is able to meet with their limitations, and work is not considered to exist in the national economy when jobs "exist in only very limited numbers in relatively few locations outside of the region where [the claimant] live[s]." 20 C.F.R. § 404.1566(b). The agency "will not deny [a claimant] disability benefits on the basis of the existence of these kinds of [isolated] jobs." *Id.* Based on the VE's testimony, the ALJ concluded that Plaintiff was capable of performing the requirements of bakery worker, zipper ironer, and tanning salon attendant. AR 2838–39.

Plaintiff argues that the VE's testimony does not conform to the requirements of 20 C.F.R. § 404.1566(b). Dkt. 22, at 14. Plaintiff further argues that the VE's testimony regarding job numbers is different than the numbers indicated on Job Browser Pro and that the jobs identified by the VE do not exist in significant numbers in the national economy. *Id.* at 15. Plaintiff submitted a copy of Job Browser Pro to the ALJ after the 2018 hearing. AR 2839; Dkt. 22, at 15. The ALJ considered Plaintiff's objection to the VE's testimony and overruled the objection in the ALJ's decision on appeal, finding that "[a] vocational expert's professional knowledge, experience, and reliance on job information from various governmental and other publications provide sufficient basis for that expert's testimony." AR 2839. Here, Plaintiff's evidence contained raw data purportedly obtained from Job Brower Pro; however, Plaintiff did not offer any expert interpretation of this data. Further, although the VE testified that he calculated job number estimated using Job Browser Pro, Plaintiff has not shown that this Plaintiff's evidence contained the same data relied upon by the VE for that that VE's testimony is otherwise unreliable based on this evidence. *See Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) ("[I]n the absence of any

1    contrary evidence, a VE's testimony is one type of information that is regarded as inherently

2    reliable; thus, there is no need for an ALJ to assess its reliability."); *see also Ford v. Saul*, 950 F.3d

3    1141, 1160 (9th Cir. 2020) ("Given its inherent reliability, a qualified vocational expert's

4    testimony as to the number of jobs existing in the national economy that a claimant can perform is

5    ordinarily sufficient by itself to support an ALJ's step-five finding."). Therefore, Plaintiff's

6    evidence does not undermine the VE's testimony or deprive the ALJ's step five findings of

7    substantial evidence.

8         Plaintiff alternatively argues that the jobs of bakery worker and tanning salon attendant do

9    not exist in significant number under *Guitierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519 (9th

10   Cir. 2014). Although the Ninth Circuit held in *Guitierrez* that a finding that a total of 25,000

11   national jobs is sufficient is a "close call," the court ultimately determined that a total of 25,000

12   jobs does not fall into the category of "isolated jobs" and affirmed the ALJ's finding. *Guitierrez*,

13   740 F.3d at 529. Here, the ALJ found that Plaintiff could perform a total of 54,300 national jobs

14   with the jobs of bakery worker (21,000 national jobs), zipper ironer (26,000 national jobs), and

15   tanning salon attendant (7,300 national jobs). AR 2839. Therefore, the ALJ's national job finding

16   represents a significant number of jobs in the national economy.

17        Finally, Plaintiff argues that he lacks the physical ability to work at the light exertional

18   level. Dkt. 22, at 16. Plaintiff relies on an assessment from Dr. Thomas dated May 13, 2013, which

19   limited Plaintiff to lifting and carrying a maximum of five pounds frequently and ten pounds

20   occasionally and limited Plaintiff to sedentary work. *Id.* (citing AR 4831–33). As discussed above,

21   the ALJ gave weight to Dr. Thomas' opinion only to the extent that it showed that Plaintiff was

22   unable to return to his prior work and otherwise gave little weight to the doctor's opinion.

23   AR 2832. Limitations from properly discounted evidence does not need to be included in the RFC

or the VE hypothetical. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005). Plaintiff has failed to identify error in the ALJ's evaluation of Dr. Thomas' opinion. Therefore, Plaintiff has not shown that the ALJ erred by not including Dr. Thomas' sedentary limitations in the RFC.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 21st day of March, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 12